IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, <br> Plaintiff, <br><br> v. <br><br> DEIVA KERCINA VALDEZ, et al., <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:25-CV-526-X-BW |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff AmeriHome Mortgage Company, LLC filed this action against Defendants Deiva Kercina Valdez, Miguel Gonzalez, Cantura Cove Owners Association, Inc. and the United States of America. (*See* Dkt. No. 1 ("Compl.").) The action concerns the foreclosure of a lien on property to which the United States Department of Housing and Urban Development ("HUD") allegedly holds a subordinate interest. (Compl. ¶ 6.) This case has been automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 2.) For reasons explained below, the undersigned recommends that this action be dismissed sua sponte for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 4(m) for failure to serve the defendants.

**I. PROCEDURAL BACKGROUND**

Plaintiff alleges that subject matter jurisdiction exists under 28 U.S.C. §§ 2410 and 1331 based on the HUD's subordinate interest in the property. (Compl. ¶ 6.)

On August 29, 2025, the undersigned entered an order questioning the basis of jurisdiction and directed Plaintiff to file a response no later than September 12 "explaining the basis of subject matter jurisdiction under 28 U.S.C. § 1331." (Dkt. No. 9 at 3.) The undersigned warned that failure to do so would result in a recommendation that the case be dismissed. (*Id.*) The deadline for Plaintiff to establish jurisdiction has passed, and it has not complied with the August 29 order.

Although Plaintiff has not filed any response to the August 29 order, it did file on August 29 a Suggestion of Bankruptcy notifying the Court that Defendant Deiva Kercina Valdez filed a petition for bankruptcy in case number 25-32559-swe13, in the Bankruptcy Court for the Northern District of Texas. (Dkt. No. 10.) On September 2, the undersigned ordered Plaintiff to file a brief no later than September 12 explaining its position concerning whether the bankruptcy filing triggers the automatic stay applies and, if so, whether it precludes the Court from considering subject matter jurisdiction. (Dkt. No. 11.) The order warned that failure to file a response to the order could result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to follow court orders. (*Id.* at 1-2.) Plaintiff has not filed any response to the order. In any event, a review of the docket in Bankruptcy Case No. 25-32559-swe13 shows that the case was dismissed on September 1, 2025. There is therefore no stay in place due to the bankruptcy action and no impediment to this case proceeding.

## II.  SUBJECT MATTER JURISDICTION

The Court is required to consider, sua sponte if necessary, the basis of its jurisdiction. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted).  A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established

argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted). Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Plaintiff seeks to predicate subject matter jurisdiction, at least in part, on 28 U.S.C. § 2410. "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Plaintiff therefore cannot establish subject matter jurisdiction based on that provision.

Plaintiff's assertion that subject matter jurisdiction exists under § 1331 also appears to be misplaced. Plaintiff does not identify any federal laws that require interpretation for its claim, which is a state-law cause of action for breach of contract. (*See* Compl. ¶¶ 8-14.) And this case does not appear to be a rare instance in which a breach-of-contract claim "necessarily raises a substantial and actually disputed federal question." *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (cleaned up).

Plaintiff has failed to establish that subject matter jurisdiction exists, and the action should be dismissed sua sponte on that basis. *See Nationstar Mortgage LLC v. Cervantes*, No. 4:25-CV-96-ALM-BD, 2025 WL 1178585 (E.D. Tex. Apr. 16, 2025) (recommending dismissal of similar allegations for lack of jurisdiction), *accepted* 2025 WL 1370810 (E.D. Tex. May 10, 2025).

### III.  RULE 4(m)

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017).

Plaintiff filed this action on March 2, 2025. (Dkt. No. 1.) Under Rule 4(m), its deadline to serve the defendants passed in early June 2025. On August 8, the undersigned entered an order requiring Plaintiff to show cause why the action should not be dismissed for failure to serve the defendants and warned that dismissal could

result from Plaintiff's failure to comply with the order. (Dkt. No. 8.) Plaintiff has taken no action in compliance with the show cause order, and it has necessarily not shown good cause for its failure to serve Defendants, nor has it requested more time to effect service. Dismissal is appropriate under Rule 4(m) on this independent basis.

## IV. RECOMMENDATION

This action should be **DISMISSED** without prejudice for lack of subject matter jurisdiction and pursuant to Rule 4(m).

**SO RECOMMENDED** on September 17, 2025.

_____
BRIAN MCKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).